UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IVELIZ REYES,                             CASE NO.:

    Plaintiff,

v.

MORGAN & MORGAN, P.A.,
A Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, IVELIZ REYES, ("Plaintiff" or "Ms. Reyes"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") seeking recovery from MORGAN & MORGAN, P.A. ("MORGAN" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, compensatory damages, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES. JURISDICTION, AND VENUE

1. Ms. Reyes is an adult individual.

2. MORGAN is a Florida Profit Corporation that operates and conducts business in, among others, Broward County, Florida, and is thus within this court's jurisdiction.

3. This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

4.  At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Broward County, Florida.

5.  Defendant is a Florida not for profit corporation that is located and does business in Broward County, Florida, and is therefore within the jurisdiction of this Court.

6.  Plaintiff worked for Defendant in Broward County, Florida, and therefore the proper venue for this case is the Fort Lauderdale Division of the Middle District of Florida.

7.  At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8.  At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave to treat same; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

9.  Ms. Reyes worked for MORGAN, most recently as a Legal Assistant Hybrid Paralegal in Plantation, Florida, from April 6, 2020, until her unlawful and retaliatory termination on May 3, 2022.

10. On March 2, 2022, Ms. Reyes disclosed to MORGAN Attorney Julie Herzlich, to whom Ms. Reyes reported directly, that she suffers from a disability and chronic, serious health condition, specifically multiple sclerosis (MS).

11. Ms. Reyes related to Ms. Herzlich the fact that her MS made walking difficult for her, as well as navigating the spaces in the office.

12. Ms. Reyes told Ms. Herzlich that she nevertheless typically left her cane in her car due to limited space in her cubicle, and further advised Ms. Herzlich that she has a handicapped tag on the rearview mirror of her automobile.

13. Ms. Reyes expressed her frustration that other MORGAN employees with handicapped tags whose mobility was evidently not compromised by their maladies took all the close parking spots if Ms. Reyes failed to arrive at MORGAN's premises prior to 8:00 a.m. In response to Ms. Reyes's disclosures, MORGAN failed to provide Ms. Reyes FMLA paperwork, or advise her of her rights and responsibilities under the FMLA.

14. MORGAN's failure to do so constituted unlawful FMLA interference and is actionable. During this timeframe, Ms. Reyes was responsible for training a new team member, Monica Bermudez, as a Paralegal.

15. By the end of March 2022, Ms. Reyes came to the regrettable realization that Ms. Bermudez had very little legal experience, and had extreme difficulty retaining anything that she was taught.

16. On April 6, 2022, MORGAN dragged Ms. Reyes into a meeting with Ms. Herzlich, another MORGAN Attorney, William Lewis, and a MORGAN Human Resources Representative, Kristina Haigh. During this meeting, these individuals harangued Ms. Reyes about needing to supposedly "manage her time better."

17. During the meeting, MORGAN also foolishly and wrongly accused Ms. Reyes of having sent a letter to a personal injury client of MORGAN's that improperly contained language relevant to a products liability fact pattern.

18. Ms. Reyes quickly advised these misguided individuals that she had not sent out that letter, and that it had instead been sent by Ms. Bermudez.

19. Nevertheless, Ms. Herzlich would not permit Ms. Reyes to exit the conference room without signing a document, without showing Ms. Reyes what she was signing.

20. On April 7, 2022, Ms. Reyes asked Ms. Herzlich whether MORGAN would provide her with a copy of the document she had signed the day prior.

21. Ms. Herzlich promised Ms. Reyes that MORGAN would do so but never did.

22. When Ms. Reyes entered a paid time off (PTO) request to leave early on April 28, 2022, to attend a doctor appointment to treat and address her disability and serious health condition, MORGAN swiftly sent Ms. Reyes an email demanding that she provide a doctor's note for the early departure.

23. This was uncharacteristic and had never happened before.

24. The following day, April 29, 2022, Ms. Haigh officiously demanded to know when Ms. Reyes's next medical appointment was.

25. Ms. Reyes informed Ms. Haigh that her next medical appointment was scheduled for the end of the following week.

26. MORGAN evidently found this, and Ms. Reyes, intolerable.

27. On May 3, 2022, Mr. Lewis summoned Ms. Reyes into the conference room.

28. At that time, Mr. Lewis informed Ms. Reyes that MORGAN had decided to terminate her employment, effective immediately. Mr. Lewis was able to articulate no cogent explanation for MORGAN's extreme adverse employment action against Ms. Reyes.

29. Instead, Mr. Lewis mewled something extremely vague about "things not working out" and MORGAN "letting [Ms. Reyes] go." It is clear that MORGAN discriminated against Ms.

4

Reyes based on disability, and terminated Ms. Reyes's employment in retaliation for her suffering a serious health condition and potentially requiring unpaid FMLA leave in order to treat and address the condition.

30. Any other "reason" provided up by MORGAN after the fact for its termination of Ms. Reyes's employment is pure pretext.

31. It is clear that MORGAN retaliated against Ms. Reyes based on her serious health condition and her utilizing FMLA leave.

32. Any other "reason" theorized after the fact by MORGAN for its termination of Ms. Reyes's employment is pure pretext.

33. MORGAN's adverse employment actions recounted herein were taken in interference with, and retaliation for, Ms. Reyes disclosing her serious health condition and for taking protected FMLA leave.

34. MORGAN's actions were unlawful and constitute actionable violations of the FMLA.

35. Ms. Reyes was unquestionably engaging in statutorily protected conduct (disclosing her serious health condition, requesting leave, and taking leave), and unquestionably suffered an adverse employment action (termination).

36. The timing of MORGAN's interfering and retaliatory actions toward Plaintiff conclusively establishes that crucial aspect of Plaintiff's prima facie case. *See Brungart*, 231 F.3d at 799 ("[t]he general rule is that close temporal proximity between the employee's protected conduct and the adverse employment action is sufficient circumstantial evidence to create a genuine issue of material fact of a causal connection").

37. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

5

38. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

39. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

40. The timing of Plaintiff's disclosure of her serious health condition and her use of protected FMLA leave and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

41. Defendant purposefully and intentionally interfered with and retaliated against Ms. Reyes for her use of protected FMLA leave.

42. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

43. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

44. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

45. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 44, above.

46. At all times relevant hereto, Plaintiff was protected by the FMLA.

47. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

48. At all times relevant hereto, Defendant interfered with Plaintiff by discouraging her use of FMLA and/or failing to restore Plaintiff to the same position or an equivalent position after her return from FMLA leave.

49. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

50. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

51. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 44, above.

52. At all times relevant hereto, Plaintiff was protected by the FMLA.

53. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

54. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her for her use of FMLA-protected leave.

55. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff disclosed her serious health condition and her use or attempted use of leave pursuant to the FMLA.

56. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

57. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 3rd day of May, 2024.

Respectfully Submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*